IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY WIMBERLY, # N-61282, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 16-cv-1309-MJR |
| C/O SAMS, C/O WOODARD, and WARDEN DENNISON, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff filed this this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Shawnee Correctional Center ("Shawnee"), where his claims arose. He was recently transferred to Illinois River Correctional Center. (Doc. 12). Plaintiff claims that he was subjected to unsanitary cell conditions, his property was lost, and prison officials failed to respond to his grievances. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

## The Complaint

On March 21, 2016, Plaintiff was placed into a segregation cell after an altercation. Sams and Woodard failed to secure Plaintiff's personal property and food that he was unable to take with him to segregation. (Doc. 1, p. 4). Upon his release from segregation, Plaintiff discovered that all his items were gone. Plaintiff filed grievances, but never got a response, which he claims prevented him from exhausting his remedies. He sought a writ of mandamus seeking to obtain

an answer to his grievances, without success.

Plaintiff was confined for 30 days (until April 21, 2016) in the segregation cell which, he claims, should have been "condemned" due to the poor conditions. (Doc. 1, p. 4). The cell had "no proper running water" because a seg pen was stuck in the faucet spout. Not only did the pen obstruct the flow of water, it exposed Plaintiff to germs in his drinking water from that foreign object. (Doc. 1, pp. 4-5). The window was "drilled shut" so that the air did not circulate properly. The window screen was torn, allowing insects and ants to invade the cell. They crawled on Plaintiff, got into his bed, and bit him day and night. (Doc. 1, pp. 5, 13). The sink and toilet were contaminated with fungus and mildew, and Plaintiff was not given cleaning supplies. He had to drink from and wash up in the filthy sink for the entire 30 days, placing his health at risk. (Doc. 1, p. 6).

Plaintiff asked Sams to move him to a better cell, but Sams ignored the request. Warden Dennison was the supervisor of Sams and was responsible for the conditions throughout the facility.

Plaintiff seeks compensatory and punitive damages from each of the Defendants. (Doc. 1, p. 6).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Due Process claim for the loss/destruction of Plaintiff's personal property;

**Count 2:** Eighth Amendment claim for being confined under unsanitary conditions in the segregation cell for 30 days;

**Count 3:** Due process claim for the failure of prison officials to respond to Plaintiff's grievances.

Count 2 shall proceed for further review. However, Counts 1 and 3 fail to state a claim upon which relief may be granted, and shall be dismissed.

### Dismissal of Count 1 – Loss of Property

The failure of Sams and Woodard to prevent the loss or destruction of Plaintiff's property is not a matter that may be remedied in a civil rights action in federal court. Plaintiff may bring an action in the Illinois Court of Claims to seek reimbursement for the property's value.

The only constitutional right that might be implicated by the loss of property is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. However, if the state provides an adequate remedy, Plaintiff cannot maintain a federal civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

For this reason, Plaintiff's civil rights claim in **Count 1** for the loss of his personal property shall be dismissed with prejudice. This dismissal, however, will not prevent Plaintiff

from seeking redress in the Court of Claims if he should wish to do so. The Court makes no comment on the merits of such a claim.

### Count 2 – Cell Conditions

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Claims under the Eighth Amendment have both an objective and subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the state of mind of the defendant. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, this is deliberate indifference to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. A failure of

prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

The denial of access to "adequate sanitation and personal hygiene items" may demonstrate a deprivation of "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). Further, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

Here, Plaintiff complains that his cell was filthy, the drinking water was contaminated, the window did not allow proper air circulation, and the cell was infested with insects which crawled on him, got into his bed, and bit him. During the 30 days that he was confined under these unsanitary conditions, Plaintiff was unable to remedy the problems because he was not provided with cleaning supplies. The combination of these conditions satisfies the first (objective) component of a claim for cruel and unusual punishment, by arguably depriving Plaintiff of adequate sanitation and presenting a risk to his health. Plaintiff's fear of future medical problems due to the cell conditions is also a factor in this claim. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and

susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

Turning to the subjective component of the Eighth Amendment claim, Plaintiff notes that he addressed his concerns about the cell to C/O Sams. However, Sams ignored Plaintiff's request to be moved to a cell where he would not be subjected to the unsanitary conditions. These facts indicate that Sams knew about the risks to Plaintiff's health from being housed in the cell, but did nothing to mitigate the problem. Count 2 may thus proceed against Sams.

Plaintiff makes no such connection with the other Defendants, however. He does not claim to have told C/O Woodard about the cell conditions or asked Woodard to move him, fix the problems, or give him cleaning supplies. The Complaint contains no facts to show that Woodard knew about the cell conditions yet failed to act. For this reason, Plaintiff fails to state a claim against Woodard upon which relief may be granted, and he shall be dismissed from Count 2 without prejudice.

Similarly, Plaintiff does not claim that he had any communication with Warden Dennison about the problems with the cell. Therefore, Dennison had no knowledge of the conditions, and could not have been deliberately indifferent to the risk Plaintiff faced. Additionally, Dennison cannot be held liable for the cell conditions or for Sams' failure to correct them merely because of his supervisory position as warden, contrary to Plaintiff's assertion. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has not alleged that Dennison was personally involved in housing him in the unsanitary cell or failing to remedy the problems, and the facts in the Complaint do not support an Eighth Amendment claim against him. Dennison shall also be dismissed from Count 2.

To summarize, the conditions of confinement claim in **Count 2** shall proceed for further consideration against Sams only.

## Dismissal of Count 3 – Failure to Respond to Grievances

It is not clear whether Plaintiff intended to bring a separate claim based on the Defendants' failure to respond to his grievances. Any such claim is subject to dismissal.

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

For these reasons, **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## **Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United

States Magistrate Judge for further consideration.

**Disposition**

**COUNTS 1 and 3** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The dismissal of the civil rights claim in Count 1 for the loss of personal property shall not preclude Plaintiff from seeking redress in the Illinois Court of Claims, should he wish to do so.

Defendants **WOODARD** and **DENNISON** are **DISMISSED** from this action without prejudice.

As to **COUNT 2**, the Clerk of Court shall prepare for Defendant **SAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 27, 2017**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court