# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WIMBERLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-1309-MJR-SCW |
| ROBERT SAMS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Plaintiff Anthony Wimberly, who is incarcerated at Shawnee Correctional Center, alleges that he spent 30 days in segregation in 2016 in a cell that was unconstitutionally unsanitary. Defendant Robert Sams, a correctional officer at Shawnee during the events described in the complaint, allegedly was told by Wimberly of the unsanitary conditions but refused to take action. On November 7, 2017, Defendant Sams filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 22), arguing that Wimberly failed to exhaust his claims because he never requested review by officials at Shawnee of a grievance related to the conditions of his confinement in segregation.

Wimberly filed a response to the motion for summary judgment (Doc. 25). On July 6, 2018, Magistrate Judge Stephen C. Williams held an evidentiary hearing on the motion and directed Defendants to supplement the record. Judge Williams issued a report & recommendation (Doc. 32) on July 27, 2018, recommending that the

1

undersigned grant Defendant Sams' motion for summary judgment. Judge Williams further recommended that the Court dismiss Wimberly's claim with prejudice because Wimberly falsified an exhibit attached to his complaint in an attempt to mislead the Court. Wimberly filed objections (Doc. 33) to the report & recommendation on July 31, 2018, to which Defendant Sams did not respond.

Timely objections having been filed, the Court undertakes *de novo* review of the portions of the report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons delineated below, the undersigned **ADOPTS** Magistrate Judge Williams' recommendations and **GRANTS** the motion for summary judgment.

## BACKGROUND

As limited by the Court's threshold order (Doc. 14), Plaintiff's complaint alleges an Eighth Amendment claim related to the conditions of his confinement in a segregation cell at Shawnee Correctional Center for 30 days between March 21, 2016, and April 21, 2016. He complains that his cell was filthy, that the drinking water was contaminated, that the window did not allow proper air circulation, and that his cell was infested with insects. Wimberly alleges that he told Defendant Sams of his cell's condition but that Sams ignored his request to be moved to a more sanitary cell.

After he was released from segregation on April 21, Wimberly drafted and sent two grievances to the Illinois Department of Corrections' Administrative Review Board

(ARB) on April 24, 2016. Along with the grievances, he sent a letter explaining that his grievances were of an emergency nature and that he wanted to bring them to the ARB's attention. Only one of the two grievances addressed Wimberly's allegations regarding the unsanitary conditions of his confinement in segregation.

The ARB received the grievances and the letter on April 28, 2016. The grievances were returned to Wimberly on June 9, 2016, because he did not include copies of the responses from the grievance officer or from the Chief Administrative Officer (CAO) at Shawnee. Wimberly then submitted his grievances to a grievance officer at Shawnee, but they were denied as untimely on July 6, 2016, because the conditions described in the grievances occurred more than 60 days prior to the date they were filed.

Wimberly filed suit in December 2016. His complaint does not mention any grievances sent to Shawnee's grievance officer or CAO before the submission of the relevant grievance directly to the ARB. The complaint does not allege that he sent any emergency grievances to Shawnee officials prior to sending them directly to the ARB. Wimberly did not claim that he filed any grievances with officials at Shawnee related to the claims in this case until he filed his response to Defendant Sams' motion for summary judgment. Attached to his complaint, however, is a copy of the grievance response from the ARB for the grievance sent directly to the ARB in April 2016. On the copy of the response attached to the complaint, there is a large "X" marked next to a box to indicate that the grievance was "[n]ot submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further." Defendant

3

Sams submitted a copy of the same ARB grievance response that does not contain the "X" by that box.

Wimberly argues in his objections that he did submit his grievances to officials at Shawnee but that they were mishandled by various IDOC employees. He also claims that he did not mislead the Court because he did not submit a falsified copy of the ARB grievance response with his complaint. According to Wimberly, Defendant Sams submitted a falsified version of the grievance response and is misleading the Court. Wimberly maintains that he properly grieved the conditions of his segregation confinement and that Defendant's motion for summary judgment should be denied.

## LEGAL STANDARDS

As the review of the motion for summary judgment is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, **725 F.3d 651, 661 (7th Cir. 2013).** Wimberly objects to Magistrate Judge Williams' finding that the grievance related to the unsanitary conditions of confinement in segregation was not exhausted properly, so the undersigned independently considers whether that grievance was exhausted.

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010)**. Lawsuits filed by inmates are governed by the provisions of the

4

Prison Litigation Reform Act ("PLRA"). **42 U.S.C. § 1997e(a)**. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* **(emphasis added)**. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion")**. Exhaustion must occur before the suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2005).** Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, **438 F.3d at 809.**

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, **544 F.3d 739, 740-41(7th Cir. 2008).** Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he

deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. **at 742.**

### A. Illinois Exhaustion Requirements

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code §504.800** *et seq***.** The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. **20 Ill. Admin. Code §504.810(a).** The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the

names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(c).** Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. **20 Ill. Admin. Code §504.820(a).** The grievance officer will review the grievance and provide a written response to the inmate. **20 Ill. Admin. Code §504.830(a).** "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(e).** "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing. *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." **20 Ill. Admin. Code §504.850(a).** The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code §504.850(d).** "The Director shall review the

7

findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(e).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine that] there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. **20 Ill. Admin. Code §504.840(b).** If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." **20 Ill. Admin. Code §504.840(c).** When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." **20 Ill. Admin. Code §504.850(f).**

## ANALYSIS

The undersigned concludes that Wimberly did not follow the necessary procedures to properly exhaust his claim regarding the conditions of his confinement in segregation. The evidence before the Court shows that the grievance was sent directly

8

to the ARB in late April 2016. Before the filing of Defendant Sams' motion for summary judgment on the issue of exhaustion, Wimberly never alleged that the relevant grievance was submitted to the grievance officer at Shawnee or even directly to the CAO. The letter to the ARB that accompanied the grievance does not suggest that the grievance had been filed with any employee at Shawnee. There is no evidence in the record that officials at Shawnee ignored the filing of the grievance at the institutional level because there is no credible evidence that it was properly filed at Shawnee, either on an emergency or non-emergency basis.

The timing of the submission of the grievance to the ARB casts doubt on Wimberly's argument that he submitted the grievance to officials at Shawnee before sending it to the ARB. Wimberly was released from segregation on April 21, 2018. The grievance and the accompanying letter were sent on April 24 and received by the ARB on April 28, 2018. There was not sufficient time for Wimberly to have submitted the grievance to an officer or to the CAO at Shawnee, even on an emergency basis, and to have concluded that his attempts were unsuccessful to the point that his complaints must be raised directly to the ARB.

Further, the undersigned independently reaches the same conclusion as Judge Williams that the conflicting versions of the ARB response to the grievance demonstrate that Wimberly falsified the version of the document filed along with his complaint. The handwriting marking the box on the exhibit to the complaint is inconsistent with the rest of the writing on the document. Even to a layperson, it is evident that the version submitted by Defendant Sams, which does not have the box checked, is the accurate

9

version of the document, particularly when the document is considered along with the record as a whole.

## Conclusion

For the above-stated reasons, the Court **FINDS** that Plaintiff Anthony Wimberly did not exhaust his administrative remedies as to the claims in this action. Accordingly, Defendant Robert Sams' motion for summary judgment (Doc. 22) is **GRANTED**. While granting a motion for summary judgment on the issue of exhaustion typically results in dismissal of a plaintiff's claims without prejudice, the undersigned finds that Wimberly intentionally altered and misrepresented documents filed with his complaint and other pleadings in an attempt to mislead the Court. Accordingly, this case is **DISMISSED with prejudice**. The Clerk's Office shall enter judgment in favor of Defendant Sams and against Wimberly and shall close this case.

**IT IS SO ORDERED**.

DATED: September 21, 2018

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**